UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRICKLAYERS PENSION TRUST FUND,
ET AL.,

        Plaintiffs,

v.

SPRAY-ON FIREPROOFING, INC., ET AL,

        Defendants.
                                 /

Case No. 10-13986

Honorable Nancy G. Edmunds

## ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [22], REQUIRING DEFENDANTS TO SUBMIT TO PLAINTIFFS' AUDIT, AND CANCELLING HEARING SCHEDULED FOR NOVEMBER 9, 2011

This matter comes before the Court on Plaintiffs' motion for summary judgment [22]. The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that this motion will be resolved as submitted, and the hearing previously scheduled for November 9, 2011 is hereby CANCELLED.

Plaintiffs are employee fringe benefit funds serving the masonry industry that were established for the purpose of providing various benefits to employees in that industry. Plaintiffs filed suit against two corporate Defendants and one individual Defendant – Defendant Spray-On Fireproofing, Inc., a corporation that was in existence at the time Plaintiffs' complaint was filed but has subsequently ceased operations; Defendant Spray-On Fireproofing, Inc. d/b/a Spray-On, Inc., a Michigan corporation that was dissolved at the

time Plaintiffs' complaint was filed; and individual Defendant Phillip Rashid, the owner and operator of the corporate Defendants. Plaintiffs' complaint argues that Defendants owe them a sum of money, pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1132(g)(2), for unpaid fringe benefit contributions, interest on those unpaid contributions, liquidated damages, as well as reasonable attorney's fees and costs incurred in this action. After an answer was filed on behalf of all Defendants, Mr. Rashid passed away and is no longer a party to this litigation. On March 25, 2011, Defendants' counsel withdrew from this litigation, and Defendant corporations are currently without counsel.

Plaintiffs' motion argues that both corporate Defendants are liable to them for ERISA damages under an alter ego theory, that an audit for the period up through March 2008 reveals that Defendants owe $111,610.13 in delinquent fringe benefit contributions and liquidated damages, $16,853.14 in interest, and $9,375.75 in attorney's fees and costs, for a total of $137,839.02. Plaintiffs' motion also seeks an order requiring Defendants to submit to an audit for the period of time after March 2008, and a judgment on the amount of delinquent fringe benefit contributions found to be owing for this time period as well as liquidated damages, interest, and attorney's fees and costs.

Plaintiffs' motion is DENIED. As to the period of time for which an audit has been completed, Plaintiffs fail to provide the Court with an affidavit and supporting documentation that would allow it to assess the reasonableness of its requested attorney fees and fail to provide any supporting documentation for the costs they seek. Moreover, as to the period of time for which an audit has yet to be performed, questions remain concerning the amounts owed for unpaid fringe benefit contributions, liquidated damages, interest, attorney

fees and costs.  Plaintiffs may resubmit their motion for summary judgment and supporting documents after the audit they request has been completed.

IT IS FURTHER ORDERED that Defendants shall make the following documents available to an auditor appointed by Plaintiffs on or before **November 24, 2011**:  all of Defendants' books, records and accounts from April 2008 through the date of the audit.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  October 21, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager